UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
VFS US LLC,

      **Plaintiff,**

v.

**LITTLE BOY LOGISTICS, LLC,
LINH VO, WEI TANG, LENTON CORP.,
JW STATION CORP., and
PRODUCE EXPRESS LLC,**

      **Defendants.**
------------------------------------------------------------x

17 Civ. 2582 (___)

**VERIFIED COMPLAINT**

VFS US LLC ("Plaintiff"), by and through its counsel, McElroy, Deutsch, Mulvaney & Carpenter, LLP, as and for its Verified Complaint against Little Boy Logistics, LLC, Linh Vo, Wei Tang, Lenton Corp., JW Station Corp., and Produce Express LLC (collectively, "Defendants"), alleges on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## NATURE OF THE ACTION

1. Plaintiff is a lender which seeks a deficiency judgment arising out of the default of Defendants on various loan and guaranty contracts necessitating repossession and sale of collateral given to secure the loans. Defendants owe Plaintiff more than $300,000.00, exclusive of contractual interest, attorneys' fees and costs of suit.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, inasmuch as the amount in controversy, exclusive of interest and costs, exceeds $75,000.00 and the parties are diverse. Plaintiff is a citizen of Delaware and Defendants are citizens of New York, New Jersey and Texas.

1

3. Venue is proper under 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

### Parties

4. Plaintiff, VFS US LLC ("VFS") is a limited liability company formed under the laws of the State of Delaware with its principal place of business located in Greensboro, North Carolina whose sole member, VNA Holdings, Inc., is a Delaware Corporation. VFS provides financing to purchasers of commercial trucks and trucking equipment through its divisions, Volvo Financial Services ("Volvo Financial") and Mack Financial Services ("Mack Financial"). Volvo Financial and Mack Financial are affiliates of one another and loans granted by each are cross-collateralized and cross-guaranteed by the other.

5. Upon information and belief, Defendant Little Boy Logistics, LLC ("LBL" or "Borrower") is a limited liability company formed under the laws of the State of New York with its principal place of business located at 119 Powerhouse Road, Roslyn Heights, New York. LBL is a borrower from VFS through its divisions, Volvo Financial and Mack Financial.

6. Upon information and belief, Defendant Produce Express, LLC ("Produce Express" or "Guarantor") is a limited liability company formed under the laws of the State of Texas, and registered as a foreign limited liability company in the State of New York, doing business at 119 Power House Road, Roslyn Heights, New York. Produce Express guaranteed payment of all LBL's financial obligations to VFS incurred through the extensions of credit by Volvo Financial and Mack Financial.

7. Upon information and belief, Defendant Lenton Corp. ("Lenton" or "Guarantor") is a corporation formed under the laws of the State of New York, doing business at 119 Power

2

House Road, Roslyn Heights, NY 11577. Lenton guaranteed payment of all LBL's financial obligations to VFS incurred through the extensions of credit by Volvo Financial and Mack Financial.

8. Upon information and belief, Defendant JW Station Corp. ("JW Station" or "Guarantor") is a corporation formed under the laws of the State of New York, doing business at 1350 Route 10, Farmingdale, NY 11735. JW Station guaranteed payment of all LBL's financial obligations to VFS incurred through extensions of credit by Volvo Financial and Mack Financial.

9. Upon information and belief, Defendant Linh Vo ("Vo" or "Guarantor") is a citizen of the State of New Jersey, residing at 330 Northwood Way Apt 10, Palisades Park, New Jersey, NJ 07650. Vo guaranteed payment of all LBL's financial obligations to VFS incurred through extensions of credit by Volvo Financial and to Mack Financial.

10. Upon information and belief, Defendant Wei Tang ("Tang" or "Guarantor") is a citizen of the State of New York residing at 28 Shoreham Drive East, Dix Hills, NY 11746. Tang guaranteed payment of all LBL's financial obligations to VFS incurred through extensions of credit by Volvo Financial and Mack Financial.

**LOAN AGREEMENTS**

11. To induce VFS to extend credit to LBL through its divisions, Volvo Financial and Mack Financial, LBL entered into eight (8) "Credit Sales Contracts (Security Agreement)" in favor of Volvo Financial and Mack Financial, referred to collectively as "Loan Agreements."

12. Pursuant to each Loan Agreement, LBL granted Volvo Financial and Mack Financial a security interest in its collateral ("Collateral").

13. Pursuant to Contract No. 500-7639237-001 dated May 20, 2013, Volvo Financial extended credit to LBL in the principal amount of $56,732.00 covering LBL's purchase of a

3

2014 model 53x102 truck bearing VIN -700137 and trailer with ThermoKing cooling unit ("Contract 001").  Contract 001 was modified by agreement dated July 25, 2016. True and correct copies of Contract 001 as modified are attached hereto as Exhibit A. Volvo Financial properly perfected its security interest in the Contract 001 Collateral as evidenced by the UCC Financing Statement with the Secretary of State of New York filed on May 22, 2013, a true and correct copy of which is attached hereto as Schedule 1 to Exhibit A.

14. Pursuant to Contract No. 500-7639237-002 dated May 20, 2013, Volvo Financial extended credit to LBL in the principal amount of $120,145.00 covering LBL's purchase of a 2013 model 53x102 Volvo truck bearing VIN -565755 and trailer ("Contract 002").  Contract 002 was modified by agreement dated July 25, 2016. True and correct copies of Contract 002 as modified are attached hereto as Exhibit B. Volvo Financial properly perfected its security interest in the Contract 002 Collateral as evidenced by the Certificate of Title issued by the State of Texas on June 14, 2013, a true and correct copy of which is attached hereto as Schedule 1 to Exhibit B.

15. Pursuant to Contract No. 500-7639237-003 dated December 5, 2013, Volvo Financial extended credit to LBL in the principal amount of $120,945.00, covering LBL's purchase of a 2014 model VNL64T 300 Volvo truck bearing VIN -168021 ("Contract 003"). Contract 003 was modified by agreement dated July 25, 2016.  True and correct copies of Contract 003 as modified are attached hereto as Exhibit C. Volvo Financial properly perfected its security interest in the Contract 003 Collateral as evidenced by the Certificate of Title issued by the State of Texas on January 8, 2014, a true and correct copy of which is attached hereto as Schedule 1 to Exhibit C.

16. Pursuant to Contract No. 500-7639237-005 dated December 12, 2013, Volvo Financial extended credit to LBL in the principal amount of $125,245.00 covering LBL's purchase of a 2014 model VNL64T 6700 Volvo truck bearing VIN -173688 ("Contract 005"). Contract 005 was modified by agreement dated July 25, 2016. True and correct copies of Contract 005 as modified are attached hereto as Exhibit D. Volvo Financial properly perfected its security interest in the Contract 005 Collateral as evidenced by the Certificate of Title issued by the State of Texas filed on January 8, 2014, a true and correct copy of which is attached hereto as Schedule 1 to Exhibit D.

17. Pursuant to Contract No. 500-7639237-006 dated June 18, 2014, Mack Financial extended credit to LBL in the principal amount of $138,545.00 covering LBL's purchase of two 2015 model 53x102 Great Dane trailers bearing VIN's -700908 and 700909 ("Contract 006"). Contract 006 was modified by agreement dated July 25, 2016. True and correct copies of Contract 006 as modified are attached hereto as Exhibit E. Mack Financial properly perfected its security interest in the Contract 006 Collateral as evidenced by UCC Financing Statement with the Secretary of State of New York filed on June 26, 2014, a true and correct copy of which is attached hereto as Schedule 1 to Exhibit E.

18. Pursuant to Contract No. 500-7639237-007 dated June 18, 2014, Volvo Financial extended credit to LBL in the principal amount of $120,945.00 covering LBL's purchase of a 2015 Volvo truck bearing VIN -908266 ("Contract 007"). Contract 007 was modified by agreement dated July 25, 2016. True and correct copies of Contract 007 as modified are attached hereto as Exhibit F. Volvo Financial properly perfected its security interest in the Contract 007 Collateral as evidenced by the Certificate of Title issued by the State of Texas filed on October 29, 2014. A true and correct copy of which is attached hereto as Schedule 1 to Exhibit F.

19. Pursuant to Contract No. 500-7639237-008 dated December 31, 2015, Volvo Financial extended credit to LBL in the principal amount of $331,129.76 covering LBL's purchase of two 2016 model Volvo trucks bearing VIN's -943014 and 958917 ("Contract 008"). A true and correct copy of Contract 008 is attached hereto as Exhibit G. Volvo Financial properly perfected its security interest in the Contract 008 Collateral as evidenced by the Certificate of Titles issued by the State of Texas filed on February 10 and February 11, 2014. True and correct copies of which are attached hereto as Schedule 1 to Exhibit G.

20. Pursuant to Contract No. 500-7639237-009 dated December 31, 2015, Mack Financial extended credit to LBL in the principal amount of $138,634.20 covering LBL's purchase of 2 2016 model 5 Wabash National trailers bearing VIN's -922140 and 922141 ("Contract 009").  A true and correct copy of Contract 009 is attached hereto as Exhibit H. Mack Financial properly perfected its security interest in the Contract 009 Collateral as evidenced by the Certificate of Titles issued by the State of Texas filed on February 27, 2016, true and correct copies of which are attached hereto as Schedule 1 to Exhibit H.

## GUARANTY AGREEMENTS

21. To induce Plaintiff to extend credit to LBL through Volvo Financial and Mack Financial, Vo, Tang, Lenton, J.W. Station and Produce Express entered into separate Continuing Guaranty Agreements dated May 20, 2013, December 5, 2013, June 18, 2014, December 24, 2015, and February 3, 2016, by which they jointly and separately guaranteed all indebtedness owed by LBL to Volvo Financial and Mack Financial ("Guaranty Agreements").  True and correct copies of the Guaranty Agreements are attached as Exhibit I.

## Defaults on Loan and Guaranty Agreements

22. Pursuant to the terms of the Loan Agreements, a failure to pay any amount due

from borrower or guarantor is deemed a default. Moreover, a failure to pay indebtedness due on one agreement constitutes an event of default on any and all other agreements. Borrower LBL failed to make payments required under the Loan Agreements, and Guarantors Vo, Tang, Lenton, JW Station, and Produce Express failed to pay the financial obligations of LBL to Plaintiff as required under their Guaranty Agreements.

23. Plaintiff and its divisions Volvo Financial and Mack Financial sent notices of default of payment under the Loan Agreements to Borrower and Guarantors ("Notices of Default"). True and correct copies of the Notices of Default are attached as Schedule 4 to Exhibits A through H. Defendants made no effort to repay Plaintiff any amounts due under the Loan Agreements subsequent to the Notices of Default.

24. Pursuant to its rights under the Loan Agreements, Plaintiff repossessed the secured Collateral described in the Loan Agreements, UCC Filing Statements and Certificates of Title, collectively as the "LBL Collateral."

25. After repossession, Plaintiff sent notices to Borrower and Guarantors dated October 25, 2016, and November 7, 2016 of the intention to sell the LBL Collateral at a public or private sale after a certain date ("Notices of Sale"). True and correct copies of the Notices of Sale are attached hereto as Exhibit J. Neither Borrower nor any Guarantor acted to redeem the property slated to be sold as indicated in the Notices of Sale.

26. After applying deductions for expenses and costs incurred in the repossession and sale, Plaintiff forwarded reconciliations of the amounts due under each Contract. True and correct copies of the Account Reconciliations and Deficiency Balance Calculations of the amount owed after the sale are attached as Schedule 2 to each Exhibit A through H.

27. Plaintiff sent Defendants Notices of Deficiency Balance advising of the remaining

amounts due under the eight (8) Loan Agreements. True and correct copies of the Notices of Deficiencies are attached as Schedule 3 to each Exhibit A through H.

28. Based on the foregoing reconciliations, a total deficiency of $362,418.01, exclusive of contractual costs and attorneys' fees, remains due and owing from LBL and the Guarantors. As of the date of filing of this Verified Complaint, no obligor has made any payments on the deficiency amount.

## COUNT I
## BREACH OF CONTRACT

29. Plaintiff repeats the allegations of Paragraphs 1 through 28 as though fully set forth herein.

30. LBL has failed to pay the amounts owed to Plaintiff under the Loan Agreements, and has therefore breached its obligations.

31. Plaintiff has performed all obligations under the Loan Agreements.

32. Guarantors Vo, Tang, Lenton, JW Station, and Produce Express have failed to cure LBL's defaults by paying Plaintiff for LBL's financial obligations, and are therefore in breach of their Guaranty Agreements.

33. As a direct and proximate result of the Defendants' breaches of their Loan and Guaranty Agreements, Plaintiff has incurred and will continue to incur damages.

## COUNT II
## (ATTORNEYS' FEES, COSTS AND EXPENSES)

34. Plaintiff repeats the allegations of Paragraphs 1 through 33 as though fully set forth herein.

35. To induce Plaintiff and its divisions, Volvo Financial and Mack Financial to extend credit to LBL, LBL agreed to pay all reasonable attorneys' fees, and all other costs and expenses which may be incurred in the enforcement of the Loan Agreements.

36. To induce Plaintiff and its divisions, Volvo Financial and Mack Financial to extend credit to LBL, Guarantors agreed to pay all sums owed to Plaintiff.

37. Plaintiff has incurred and will continue to incur attorneys' fees, costs and expenses in connection with enforcement of its rights against Defendants under the Loan and Guaranty Agreements.

38. By reason of the foregoing, Plaintiff is entitled to judgment against all Defendants, jointly and severally, for these sums.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff VFS US, LLC demands judgment against Defendants Little Boy Logistics, LLC, Linh Vo, Wei Tang, Lenton Corp., JW Station Corp., and Produce Express LLC, jointly and severally, as follows:

**On Count I, Breach of Loan and Guaranty Agreements**: for compensatory damages in the amount of at least $362,418.01, plus interest, expenses and costs of suit;

**On Count II, Attorneys' Fees, Costs and Expenses:** for attorneys' fees, costs and expenses incurred by Plaintiff connection with enforcement of its rights, in an amount to be determined by the Court; and

**For such other and further relief as the Court deems just and proper**

                Respectfully submitted,
     McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
             Attorneys for Plaintiff, VFS US LLC

By: _____
     Salvatore A. Giampiccolo
     225 Liberty Street
     36th Floor
     New York, NY 10281
     (212) 483-9490

## CORPORATE VERIFICATION

STATE OF NORTH CAROLINA
COUNTY OF GUILFORD

Phil Bain, being duly sworn, deposes and says that he is the authorized agent for VFS US LLC, the limited liability company named in the within action; that he has read the foregoing Verified Complaint and knows the contents thereof, and that the same are true to his own knowledge or based upon Plaintiff's books and records, except as to matters therein stated upon information and belief, and as to those matters, he believes them to be true.

This verification is made by deponent because VFS US LLC is a foreign limited liability company of which deponent is the duly authorized agent.

_____
Phil Bain

Subscribed and sworn to before me
this 27th day of April, 2017

_____
Notary Public

KARI M HOOD
NOTARY PUBLIC
FORSYTH COUNTY, NC
My Commission Expires 3-11-2022

11